STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Appeal of Jenness & Berrie | } | Docket No. 134-7-04 Vtec |

Decision and Order on Request for Determination and Enlargement of Award of Costs

Appellant-Applicants Frederick L. Jenness and David S. Berrie appealed from the decision of the Zoning Board of Adjustment (ZBA) of the Town of Dummerston denying a zoning permit for the construction of a house on Stickney Brook Road. Appellant-Applicants are represented by Timothy J. O'Connor, Jr., Esq. and Thomas W. Costello, Esq.; the Town is represented by Robert M. Fisher, Esq.; and Interested Persons Judith and Raymond Enello are represented by Walter G. French, Esq. The Court issued its decision on the merits of this matter, in favor of the Town and Interested Persons Enello, on July 18, 2007.

In its July 27, 2006 Decision and Order on Cross-Motions for Summary Judgment, the Court had denied Appellant-Applicants' motion for summary judgment and had ruled that the other parties' summary judgment motions would be granted as of noon on August 8, 2006, based on the reasoning that,

> even giving Appellant-Applicants the benefit of all reasonable doubts and inferences, no genuine issue of material fact exists to contest that the use of this segment of Stickney Brook Road in 1971 was not substantial enough to functionally separate the use of Appellant-Applicants' 1.1-acre parcel from the 0.9-acre parcel on the other side of the road.

In that order, the Court cancelled the hearing on the merits then already scheduled for August 31, 2006, but provided a mechanism by which Appellant-Applicants could apply to reinstate the case for trial, as follows:

On or before August 7, if Appellant-Applicants submit an offer of proof,

1

supported by appropriate affidavits, concerning specific evidence they would present at trial regarding the use of Stickney Brook Road in 1971, the Court will consider their motion to reinstate the case for trial; however, the parties are advised that it would have to be reset no earlier than September or October and would be conditioned upon payment of the other parties' costs associated with the present motions and associated with the rescheduling of the trial.

The order went on to provide for further motions regarding the preservation of testimony "[i]n the event that the case were to be reinstated for trial."

This language in the July 2006 order warned that the Court intended to make the other parties whole if the matter were to be reinstated for trial. As of the July 2006 summary judgment ruling, Appellant-Applicants had failed to come forward with evidence in support of their claim regarding the use of the road in 1971. That is, the parties were warned that, if Appellant-Applicants belatedly were to come forward with such evidence sufficient to reinstate the matter for trial, they would have to cover the other parties' out-of-pocket expenses in connection with the otherwise-unnecessary summary judgment motions ruled on in the July 2006 order. Those out-of-pocket expenses included the fees paid to the other parties' attorneys in connection with those motions, together with any out-of-pocket expenses incurred by the other parties due to rescheduling the then-already-scheduled (August 31, 2006) trial, such as non-refundable airline fares for witnesses.

On September 20, 2006, the Court granted Appellant-Applicants' motion to reinstate the matter for trial, and required "[p]ursuant to our July 27, 2006 Decision and Order" that the Enellos and the Town "submit by affidavit the costs to be paid by Appellant-Applicants in connection with the reinstatement, together with an order approved as to form by all the parties, or, if any of the costs are contested, notice that the evidentiary hearing will have to include evidence on those contested issues."

The Town and the Enellos did submit by affidavit their proposed costs in connection

2

with the reinstatement of the matter for trial, in the amount of $924 for the Enellos and $235.50 for the Town. No party suggested that any of the costs were contested or that evidence would need to be taken on those costs at the reinstated trial, although the parties also did not submit an order approved as to form.

Accordingly those costs, incurred by the Town in the amount of $235.50 and incurred by the Enellos in the amount of $924 are HEREBY IMPOSED, to make those parties whole as to the reinstatement of this matter for trial and in recognition that the 2006 summary judgment motions would have been unnecessary had Appellant-Applicants timely come forward with evidence showing disputed material facts for trial.

The Enellos have now moved to enlarge the award to include their attorneys' fees incurred after the reinstatement of the matter for trial, including the expenses of the trial itself. That motion is DENIED. "In general, [Vermont follows] the American Rule that each party is responsible for its own attorney's fees," absent a statutory or contractual exception. Harsch Properties, Inc. v. Nicholas, 2007 VT 70, ¶11 (citing DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001)). However, as discussed in DJ Painting, the Supreme Court recognizes the ability of the trial courts, founded in the equity power, to award fees "as the needs of justice dictate," 172 Vt. at 246–247, quoting In re Gadhue, 149 Vt. 322, 327 (1987); the type of conduct that warrants such an award occurs due to bad faith conduct on the part of the unsuccessful party. In the present case, after the reinstatement of the matter for trial, Appellant-Applicants' conduct was not unreasonable or outrageous so as to call for an award of attorneys' fees.

Done at Berlin, Vermont, this 14th day of August, 2007.

_____
Merideth Wright
Environmental Judge